UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 7, 2012

LETTER TO COUNSEL

RE:   Inez Silver o/b/o D.S. v. Michael J. Astrue, Commissioner of Social Security;
      Civil No. SAG-11-2749

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 5, 9). On September 24, 2011, claimant Inez Silver, on behalf of her minor child, D.S., petitioned this Court to review the Social Security Administration's final decision to deny her claim for benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Silver's response to the Commissioner's motion. (ECF Nos. 15, 20, 21). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Silver filed her claim for Supplemental Security Income benefits on July 13, 2007. (Tr. 10). Ms. Silver had previously been awarded benefits on behalf of D.S., with a disability onset date of June 10, 2003, but those benefits terminated in July, 2007 due to Ms. Silver's failure to comply with certain procedural requirements. (Tr. 10). After a hearing on Ms. Silver's 2007 application for benefits (Tr. 28-63), Administrative Law Judge J. Robert Brown ("the ALJ") issued an opinion denying benefits, because he determined that D.S. was not disabled. (Tr. 10-24). The Appeals Council denied Ms. Silver's request for review (Tr. 1-3), so the ALJ's July 30, 2010 decision is the final, reviewable decision of the agency.

The ALJ found that D.S. suffered from severe impairments including attention deficit hyperactivity disorder and borderline intellectual functioning. (Tr. 13). The ALJ found that D.S.'s other impairments, including speech disorder and Tourette's syndrome, were not severe. *Id.* In determining whether D.S.'s impairments or combination of impairments functionally equaled the listings, the ALJ stated:

> Based on the requirements of 20 CFR 416.924a(a) and SSR 09-2p, the undersigned has considered all of the relevant evidence in the case record. "All of the relevant evidence" includes objective medical evidence and other relevant evidence from medical sources; information from other sources, such as school

*Inez Silver o/b/o D.S. v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2749
November 7, 2012
Page 2

> teachers, family members, or friends; the claimant's statements (including statements from the claimant's parent(s) or other caregivers); and any other relevant evidence in the case record, including how the claimant functions over time and in all settings (i.e., at home, at school, and in the community).

(Tr. 16-17).

Despite the ALJ's statement to the contrary, the record reflects that the ALJ did not review all of the relevant evidence in D.S.'s case. The ALJ specifically stated, "no records were received from [D.S.'s] primary care physician." (Tr. 19). The agency's own file, however, indicates that it had received records from D.S.'s treating physician, the Family Health Center of Baltimore, on September 26, 2007.[1] (Tr. 140). Somehow, those records did not become part of the file presented to the ALJ.

The Court Transcript Index identifies Exhibit 4F as D.S.'s "Medical Evidence of Record." However, Exhibit 4F has now been replaced in its entirety with pages stating, "Exhibit No: 4F (16 pages) was removed as an exhibit by the Appeals Council because it does not refer to the claimant." (Tr. 431-46). D.S.'s records from the Family Health Center do not appear anywhere in the court transcript. The Appeals Council appears to have removed the records pertaining to the unrelated applicant, but simply upheld the ALJ's decision without seeking to locate or review D.S.'s actual medical records.

On each of the Disability Reports in the record, Ms. Silver reported that D.S. had been treated by the Family Health Center since 1993. (Tr. 327, 373). Presumably, that report triggered the agency's request to the Family Health Center for its records. The agency made that request in accordance with its duty to "develop [an applicant's] complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912(d). Receiving the medical records from a treating physician, but misplacing them early in the adjudicative process, does not fulfill the agency's duty.

D.S. had a long-time treating physician who prescribed medications to address relevant impairments. *See, e.g.,* (Tr. 411) (consultative examiner report noting that D.S. "is seen by Dr. Abbott at the . . . Family Health Center for checkups and as needed and is prescribed Concerta 18 mg for ADHD."). The agency had a report from that treating physician in its possession during the pendency of D.S.'s case. (Tr. 140). However, none of the physicians or decisionmakers reviewing Ms. Silver's claim for benefits appears to have seen that report. Specifically, the reviewing state agency physicians only reviewed (1) the report from a consultative examiner, who saw D.S. on one occasion, and (2) D.S.'s non-medical educational records. (Tr. 419-30).

---

[1] The record contains slight variations in the name of the center providing treatment to D.S. For the purposes of consistency in this opinion, it will be referred to as the "Family Health Center."

Case 1:11-cv-02749-SAG   Document 22   Filed 11/07/12   Page 3 of 3

*Inez Silver o/b/o D.S. v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2749
November 7, 2012
Page 3

The Commissioner contends that Ms. Silver has not made the showing required for consideration of "new and material evidence" under sentence six of 42 U.S.C. § 405(g). Def. Mot. at 24-25. However, Ms. Silver is not seeking to present new evidence. Ms. Silver simply seeks a review of the records that the Commissioner appropriately obtained for its file in this case. Ms. Silver properly identified D.S.'s treating physician to the agency, and the agency apparently sought and then misfiled D.S.'s records.[2] Ms. Silver therefore should not bear the burden of proving that an actual review of those records would have changed the ALJ's result.

At the time Ms. Silver's application was considered, D.S.'s treating physician had treated D.S. for approximately fourteen years, diagnosed the impairments in question, and prescribed medications for those impairments. Because the opinion of a treating physician is afforded considerable weight in many circumstances, 20 C.F.R. § 404.1527, a failure to maintain and review the treating physician's records is sufficient reason for remand. The case will be remanded for further proceedings, in which the ALJ should locate and consider the complete record in this case. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Silver was ineligible for SSI on behalf of D.S. was correct or incorrect.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 20) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Because the record reflects that the agency received records from the Family Health Center (Tr. 140), and because medical records for another applicant were filed erroneously in D.S.'s file, it is logical to assume that the agency also misfiled the Family Health Center records.